PEDEN'S ADMINISTRATOR *v.* KING and Another.

PLEADING.—*Omission of Christian Name.*—The omission of the Christian name of the plaintiff in the statement of a claim against a decedent's estate is only matter in abatement, and the objection may be obviated by amendment.

PRACTICE.—*Special Finding by the Court.*—To prepare a case for the Supreme Court under section 341 of the code, the court below should first state the facts in writing, and then the conclusions of law upon them, to which conclusions the party aggrieved should enter his exception.

SAME.—When the finding covers the issues, and the court has passed therein on all the facts in the case, questions of law involved in the finding are not saved by a motion for a new trial, or by a motion for judgment on the special finding.

SAME.—*New Trial*—To entitle a motion for a new trial to consideration by this court in such case, the evidence must be made part of the record by bill of exceptions.

APPEAL from the Madison Common Pleas.

GREGORY, J.—Nichol and King filed the following claim against Peden's estate in the clerk's office of the court below: "Hiram Peden, Administrator of the estate of Joseph Peden, deceased, to O. P. Stone,                              Dr.

To balance in error on settlement November 14th, 1865, one hundred dollars,                                          $100.00
Interest on the same 9½ months,                               4.75
                                                        ———————
                                                          $104.75
                              "O. P. STONE.

"For value received I assign the above claim to Nichol & King, August 29th, 1866.

                              "O. P. STONE."

A demurrer was sustained to this claim. By leave of the court, the appellees amended as follows: "George Nichol and Amos J. King come now and amend their claim filed in said court against Hiram Peden, Administrator of Joseph Peden's estate, and make Oliver P. Stone a defendant thereto, to answer as to his interest in the assignment of the said account."

Stone answered, that he had no interest in the claim. The appellees, under a rule of court to make the cause of action more specific, filed the following:—"Nichol & King *v.* Hiram Peden, Administrator.

"Now come said plaintiffs and amend their complaint as follows, to wit: the settlement alluded to in said claim was made on the 14th day of November, 1865, for services of said Stone as deputy clerk; and also at the same time for money received by said Stone, as such deputy, in fees, and belonging to said Joseph Peden, as clerk, which settlement and account between said Stone and Hiram Peden, as administrator, showed that there was in Stone's hands at that date $279.69, money belonging to said Joseph Peden in fees, and that there was a balance due said Stone for services aforesaid, the sum of $922.44; the error complained of is, that the amount allowed in said settlement to said Stone was $822.44, when the amount should have been $922.44; said sum of $100.00 was omitted by mistake."

The appellant answered: first, general denial; second, set-off for money had and received by Stone of the deceased in his life-time; third, substantially the same as the second. The plaintiffs replied by the general denial. Trial by the court. There was a special finding for the plaintiffs.

There was an attempt in the court below to raise a question of law by the finding, by a statement therein that the several sums claimed as a set-off were "received by Stone as deputy clerk, of fees paid into the clerk's office, some of which were receipted for in the name of Joseph Peden, clerk, by Stone, deputy, whilst others were receipted for by Stone alone as deputy clerk; no other evidence as to who got the money; all of which credits of fees on the fee books are in the hand writing of Stone. Now, if the amounts thus received and receipted for are proper charges against Stone, then the finding should be for the defendant, if not, then it should be for the plaintiffs, and the court believing they are not proper charges against Stone, having been made in the

discharge of a duty as deputy clerk, the finding is for the plaintiffs."

Motions were made for a new trial, and for judgment on the special finding, which were overruled. The evidence is not in the record. It is claimed that the suit ought to have been in the Christian as well as the surnames of the appellees. There is nothing in this objection. If it was true that the Christian names of the plaintiffs were omitted in the statement of the claim, it would be only matter in abatement. But, as we understand the record, this objection was obviated by the amendment.

To prepare a case for this court under section 341 of the code, the court below should "first state the facts in writing, and then the conclusions of the law upon them," to which the party agrieved enters his exception. When the finding covers the issues, and the court has passed on all the facts involved in the case, the question is not saved by a motion for a new trial, or for judgment on the special finding.

To entitle the motion for a new trial to consideration, the evidence in such a case must be made a part of the record by bill of exceptions. The statement in the special finding presents no question for this court.

The judgment is affirmed, with costs.

*J. W. Sansbery,* for appellant.

*M. S. Robinson,* for appellees.