------o------

## LEFFEL v. LEFFEL.

PRACTICE.—*Special Finding.*—*Exception.*—Where the court finds the facts specially, and states the conclusions of law thereon, an exception to the *finding* will not raise the question of the correctness of said conclusions;—exception must be taken to said conclusions, or no question thereon can be presented on appeal.

SAME.—*Answers by Jury to Interrogatories.*—The answers to interrogatories made by a jury discharged without agreeing form no part of the record.

SAME.—*Refusal to Instruct Jury.*—Where the jury are discharged without agreeing, and a second trial had, the refusal of the court to give instructions upon the first trial cannot be assigned as error.

DIVORCE.—*Right to Jury Trial.*—It is discretionary with the court to allow or refuse a jury trial in divorce cases.

SAME.—*Effect of Verdict.*—The court is not absolutely bound by the verdict of a jury in divorce cases, but may disregard the verdict and determine the case for itself.

APPEAL from the Wabash Common Pleas.

DOWNEY, C. J.—The appellee filed a petition for a divorce against the appellant, representing that she had abandoned him; that they had one child; that the appellant had also abandoned it, leaving it with him; that she had frequently threatened to take the life of the child; and that she had also threatened to take the life of the petitioner. Wherefore, he asked for a divorce and for the custody of the child.

The defendant filed an answer in denial of the petition, and also a cross petition, in which she charged the appellee with getting the child away from her by false pretenses, and then driving her away from his house by threats and violence. She also charges him with cruel treatment of her, failure to provide for her, and with the crime of adultery with a female, who is named in the cross petition. She states the value of the property of the appellee, and asks a judgment for a divorce, for alimony, and the custody of the child.

The appellee answered the cross petition by a general denial.

The record informs us that the issues were submitted to a jury for a "special verdict;" and that after hearing a portion of the evidence, the court does now "dissolve the jury."

Afterwards the case was submitted to another jury, and the court propounded to them interrogatories to be answered, and the interrogatories, with answers to most of them, are in the record, but the record says the jury failed to agree to all the interrogatories, and were discharged by the court.

The defendant moved the court for another jury, which was refused. The court then, of its own motion, proceeded to find upon the issues. The defendant demanded that the court should state the facts in writing, and then the conclusions of law thereon, with the view of excepting to the decisions of the court on the questions of law, &c.; which the court did, and decided that the defendant should have a divorce decreed to her, with three hundred dollars of alimony, but decreed that the petitioner, the father, should have the custody of the child, until, &c.

There was a motion for a new trial by the defendant, which was overruled. The defendant then moved the court for judgment for the custody of the child, on the facts found; which motion was also overruled; and the court rendered judgment according to its finding.

It is insisted by counsel for the appellant that the conclusions of law by the court upon the facts stated were incorrect. But it is not shown that there was any exception ta-

ken by the defendant to such conclusions of law. There was an exception to the finding, which we suppose relates to the facts, and not to the conclusions of law. Without an exception to the conclusions of law, the question as to the correctness of such conclusions is not before us. *Peden's Adm'r* v. *King*, 30 Ind. 181.

As the jury was discharged without agreeing upon or returning a verdict, we cannot regard the interrogatories and answers of the jury to a part thereof as properly in the record, for any purpose.

The defendant asked the court to submit to the jury certain questions framed by her counsel, which the court declined to do, but submitted questions of its own framing to be answered by the jury. The defendant also asked certain instructions to be given to the jury, which was also refused. But as the jury did not agree on a verdict, but were discharged, we cannot see that the defendant was injured by this action of the court, any more than she would have been if the case had been retried by another jury, instead of being tried by the court. The same may be said as to the demand by the defendant that the court instruct the jury to find a general verdict. If it could have been rightfully, in any case, demanded, it is not an error of which the defendant can now complain.

It is claimed that the judgment should be reversed because the court refused to allow another trial by jury. But we do not think so. It was discretionary with the court whether to allow a jury trial or not, in the first place; and the jury which was empanelled having failed to agree, we think the case stood then as it did before the jury was empanelled, and that the court might then, as before, allow or refuse a jury trial. See *Lewis* v. *Lewis*, 9 Ind. 105; *Morse* v. *Morse*, 25 Ind. 156.

But the court, of its own motion, found upon the issues, without rehearing the evidence; and it is urged by the appellant that this was error. It seems to us that there was no necessity for the court to have the evidence repeated,

which had just been given in the hearing of the court as well as of the jury. If the jury had agreed upon and returned a verdict, it is decided that the court would not have been absolutely bound by it, but might have disregarded it, in whole or in part, for sufficient reason, and determined the case for itself upon the evidence. *Lewis* v. *Lewis, supra.* When the jury had failed to agree and were discharged, the case remained before the court to be disposed of according to the evidence, as it would have been before the court for decision on the verdict and the evidence, if the jury had returned a verdict.

But it is insisted, finally, that the finding of the court upon the facts is not sustained by the evidence, so far as it relates to the questions controlling the judgment for the custody of the child. The court found some acts of ill temper and cruelty on the part of the mother towards the child, and some declarations by her indicating a great want of affection for it. The court also found that the father had been guilty of all that was imputed to him in the cross petition. We have examined the evidence, hoping to find a want of sufficient evidence to sustain the finding of the court with reference to the mother's feelings for the child, and her treatment of it. But we are compelled to say that there was evidence from which the court might well find as it did. Many of the witnesses exhibited much feeling; some of them were impeached, in different ways; and there was great conflict in the evidence. Under these circumstances, we cannot disturb the finding of the court upon the facts.

If circumstances shall hereafter justify a change of the custody of the child, it can be ordered by the court below.

The judgment is affirmed, with costs.

*J. U. Pettit,* and *Taylor, & Brenton,* for appellant.

*J. D. Conner,* for appellee.