———————o———————

ANDERSON *v.* HUEY ET AL.

PRACTICE.—*Special Finding.—Exceptions.*—An exception must be taken to the conclusions of law upon the special finding of facts by a court, in order to present the question of the correctness of the conclusions.

SAME.—*Evidence.*—An objection to evidence properly admitted in support of an answer will not be considered, where no question is reserved on the sufficiency of the answer.

APPEAL from the Greene Common Pleas.

WORDEN, C. J.—This was a petition for the partition of certain lands by the appellant against the appellees. Issue; trial by the court; finding and judgment for the defendants, a motion for a new trial made by the plaintiff having been overruled. The defendants answered, setting up, amongst other things, a parol partition of the lands.

There is no error assigned upon any ruling of the court upon the pleadings.

The appellant claimed one-third of the land in fee, as the widow of John G. Anderson, deceased. She was his second wife, and he had no children by her, but left children by his former wife. The court found the facts specially, and, amongst other things, that in 1862 or 1863 (the deceased having died in 1860), by the consent of the plaintiff and the heirs of the deceased, three men, naming them, were selected to make a division of the land between the parties, who assigned to the plaintiff fully one-third in value thereof, and to the other parties their respective shares; that the

Anderson *v.* Huey *et al.*

parties were all satisfied with the division; that the plaintiff, at the time of the division, was in the possession of the portion assigned to her, and has been in the exclusive possession and control of the same ever since; and that the other parties took possession respectively of the shares assigned them, and have made improvements thereon.

The court concluded, as matter of law, from the facts found, that the plaintiff took only a life estate in the premises, and that such partition, being fair and equitable, is valid and binding, and should be upheld.

There was no exception taken to the conclusions of law drawn by the court from the facts found. This was necessary in order to raise any question as to the correctness of such conclusions. For this reason the main point argued in the brief of the counsel for the appellant, viz., the quantity of the estate taken by her, does not arise in the record. The facts found by the court were sufficiently established by the evidence. It is claimed that improper evidence was received. One item was a deed, affecting the rights of some of the defendants as between themselves. The plaintiff was in no manner injured by this. The other item was the proof of the parol partition. This evidence was offered in support of the answer setting up the partition. If the partition was invalid, the question cannot be raised in this way. The answer setting up the partition was demurred to and the demurrer overruled, but we have seen that there is no assignment of error on the ruling. Perhaps had there been an exception to the conclusions of law, the question would have been preserved.

There is no error in the record for which the judgment can be reversed.

The judgment below is affirmed, with costs.

*P. W. Bartholomew*, for appellant.