## Smith et al. *v.* Davidson.

PRACTICE.—*Special Finding.*—The only way to reserve questions arising on a special finding of facts and conclusions of law thereon is to except to the conclusions of law. It is not enough to except to the finding; nor can any question thereon be raised by a motion for a new trial or for a judgment on the special finding.

SAME.—Where exception has been properly taken to conclusions of law, an assignment that the court erred in its conclusions of law will present to the Supreme Court the question whether the court so erred.

SAME.—A special finding of facts and conclusions of law must be signed by the judge or incorporated in a bill of exceptions; entering it upon the order book with other entries which are signed by the judge is insufficient.

PLEADING.—*Subscription to Aid in Construction of Railroad.—Assignment of Subscription.*—To a complaint by an assignee of a subscription to pay or donate money to aid in the construction of a railroad, the money to be paid on certain conditions, an answer alleging that the assignor of the subscription refused and declined to accept it or act on it, and publicly abandoned the enterprise, is good.

From the Hendricks Circuit Court.

*S. C. Willson, C. C. Nave, P. S. Kennedy,* and *W. T. Bush,* for appellants.

*W. A. McKenzie* and *L. M. Campbell,* for appellee.

OSBORN, J.—The appellants sued the appellee upon the following writing:

"BROWNSBURG, Ind., March 18th, 1865.

"We, whose names are hereunto and herein subscribed, agree to pay to Henry C. Lord, or his assigns, the sums placed opposite our names, without any relief whatever from valuation or appraisement laws. Provided, that said Henry C. Lord, or assigns, shall construct, or cause to be constructed, a railroad from Indianapolis, in the State of Indiana, to the town of Danville, in the State of Illinois, by the way of Brownsburg, Jamestown, Crawfordsville, and Covington, Indiana. And provided further, that the railway of said railroad shall be located and established within one-fourth of one mile of the town plat of the town of Brownsburg, State of Indiana; and it is expressly stipulated that said sums of money are to be paid when the said Henry C. Lord, or assigns, shall have completed said railroad from Indianapolis to the town of Crawfordsville, Indiana, and shall have regular trains of cars running through by the way of Brownsburg, in the State of Indiana. Witness our names.

"JAMES F. DAVIDSON, three hundred dollars ($300.00)."

The complaint alleges the execution of the foregoing instrument of writing to Lord, and that Lord afterward assigned it in writing as follows:

"CINCINNATI, Ohio, May 16th, 1866.

"Whereas I have received from the citizens along the line of a contemplated railroad from the city of Indianapolis, Indiana, by the way of Crawfordsville and Covington, to Danville, Illinois, subscriptions of donations, to aid me in the construction of a railroad between the points aforesaid, and having abandoned the construction of said railroad, and having the written request of a large majority of the committee, with whom I have been in negotiation in relation to said

road, and by whom said donations were placed in my hands, to assign the said donations to the Indianapolis, Crawfordsville, and Danville Railroad Company; now, therefore, in pursuance of said request, I, for value received, do hereby assign, transfer, and set over to said Indianapolis, Crawfordsville, and Danville Railroad Company all the said subscription of donations, without recourse on me.

(Signed) "H. C. LORD."

It is further alleged that the appellants contracted with the Indianapolis, Crawfordsville, and Danville Railroad Company for the construction of the railroad contemplated and provided for in the contract sued on, and by the contract they were to receive in part pay therefor all donations of all cities, counties, townships, and individuals, as the same became due, to aid them in the construction of the road; that in pursuance of such contract, the company transferred and delivered to them the writing sued on, and that they are the legal and *bona fide* holders of it. It is further specifically averred, that the road has been located and constructed, and that regular trains of cars are running thereon as required by the conditions and stipulations of the subscription. The other usual averments of non-payment, etc., are made.

The appellee filed an answer of six paragraphs. Separate demurrers were filed to the first, second, and third, and a motion was made to strike out the fourth and fifth paragraphs of the answer. The motion to strike out was sustained. The demurrers to the first and second paragraphs were overruled and to the third sustained. Both parties excepted. The sixth paragraph was a general denial. Replications of general denial and estoppel were filed to the first and second paragraphs of the answer. The cause was tried by the court. The record shows that the parties requested the court to make a special finding of the facts, and there is in the record what purports to be such special finding of facts and the conclusions of law upon them; at the end of which the court finds generally for the defendant.

It is entered upon the order book as the finding of the court amongst its proceedings for the day, and the orders are signed by the judge. The finding is not otherwise signed by him, nor is it incorporated in a bill of exceptions, or made a part of the record by order of the court. The appellants did not except to the conclusions of law, but moved the court for a judgment in their favor upon the finding, which was overruled, to which ruling they excepted. They then filed a motion for a new trial, which was also overruled, and they again excepted, and filed a bill of exceptions, setting out the motions for a judgment in their favor and for a new trial and the action of the court thereon. Final judgment was rendered for the appellee for costs.

The errors assigned are :

1. In overruling the demurrers to the first and second paragraphs of the answer.

2. In finding in favor of the appellee on the facts found by the court in its special finding.

3. In not rendering judgment for appellants, notwithstanding the special findings.

4. In entering judgment for the appellee on the special findings.

5. In overruling the motion for a new trial.

6. In finding that there had been unreasonable delay in the commencement and prosecution of the work on the road.

The second, third, and fourth assignments are designed, undoubtedly, to question the conclusions of law from the finding of facts by the court; but they do not. The only way to do that is to except to the conclusions of law. Unless that is done, the error is waived. It is not enough to except to the finding. It must be to the conclusions of law. *Cruzan* v. *Smith*, 41 Ind. 288, and cases cited; *The Montmorency Gravel Road Company* v. *Rock*, 41 Ind. 263; *Leffel* v. *Leffel*, 35 Ind. 76; *Anderson* v. *Huey*, 38 Ind. 280; *The Board of Commissioners, etc.*, v. *Newman*, 35 Ind. 10. Nor can the question be saved by a motion for a new trial,

or for a judgment on the special finding. *Peden's Adm'r* v. *King*, 30 Ind. 181 ; *Leffel* v. *Leffel, supra.* When an exception has been properly taken, the question whether the court erred in its conclusion is presented for review in this court by assigning for error that the court erred in its conclusion of law. *Cruzan* v. *Smith, supra.*

The appellants insist that although the judge did not sign the special finding, still, inasmuch as it was entered at full length in the order book as the finding of the court before the orders were signed, signing the orders was equivalent to signing the finding as such.

The statute does not in terms require the finding to be signed by the judge. But in *The Peoria, etc., Insurance Co.* v. *Walser*, 22 Ind. 73, it was said that it must be, or it will not become a part of the record, unless made so by order of the court. The reason given why it must be signed was, that it was required to be in writing, so that an exception can be taken, and it must be filed with the clerk, so that he can enter the special finding and the exception to it of record. And as evidence of its genuineness to the appellate court, it should be signed by the judge or incorporated in a bill of exceptions signed by him. If it is incorporated in a bill and filed, it becomes a part of the record.

Counsel claim that the ruling in *The Peoria, etc., Insurance Company* v. *Walser, supra*, and those following it, were made hastily and ask us to reconsider and overrule them. They insist that there is no reason for requiring a special finding to be signed that does not equally apply to a general one ; that when it is recorded in the order book as the special finding of the facts and conclusions of law upon them, it is properly a part of the record of the court ; and that every finding, whether general or special, is properly entered as a part of the proceedings of the court.

We consider the rule of practice too well established to be interfered with, and think it better to adhere to the decisions already made. But if we were to overrule those decisions and hold that the special finding need not be signed by

the judge, it would not help the appellants. As we have seen, they did not take the proper steps to avail themselves of any supposed error of the court in its conclusions of law upon the facts as found.

The fifth and sixth assignments of error present no question for the consideration of the court, inasmuch as the evidence is not in the record.

The first error raises the question of the sufficiency of the first and second paragraphs of the answer.

In the first it is alleged, that the appellee, with others residing along the line and route of the proposed railroad, being desirous of having such railroad constructed, and having heard that Lord would cause its construction on condition that the citizens along the line would donate to him the sum of three hundred thousand dollars, payable when the road was completed, did, by the paper sued on, propose to pay to Lord the sums named therein opposite their respective names, as therein stated. All of which was done in an effort to raise the three hundred thousand dollars, which he believes was never raised; that Lord refused and declined to accept such propositions of donations and publicly abandoned the enterprise, and for a long and unreasonable length of time wholly neglected and refused to enter upon the construction of the road, and did, during all the time from the 18th of March, 1865, the date of the proposition sued on, to the 16th day of May, 1866, the date of its assignment, wholly abandon the enterprise, and declined to accept the proposition, and it was treated as withdrawn, and the contract wholly rescinded; that he had no knowledge that Lord had assigned the proposition, or that the appellants or their assignors, or any one else, had, or claimed to have, any right or interest in such proposition, until immediately before the commencement of the action, and after the completion of the road.

According to the allegations of the paragraph in question, the appellee and others, living along the line of the proposed

.railroad, tried to raise a sum of money to be donated to Mr. Lord to induce him to construct the road. The appellee ·signed the paper, but Lord declined and refused to accept it and publicly abandoned the enterprise, and for more than a year wholly refused and neglected to enter upon the con- ·struction of the road, and the proposition was treated as withdrawn and rescinded.

It is difficult to see how the appellee can be bound by the ·proposition made to Lord, when it is admitted that he refused and declined to accept or act upon it, and when it is also admitted that he publicly abandoned the enterprise. Hav- ·ing declined to accept the donation upon the terms offered, and having abandoned the work and refused to enter upon the construction of the road, Lord had no claims upon the subscription to the donation, and we think his assignees stand in no better condition.

It is averred in the second paragraph of the answer, that Lord was to construct a railroad from Indianapolis to Dan- ville, to be run and operated in connection with the Indian- apolis and Cincinnati railroad and its connections, if a dona- tion of three hundred thousand dollars was raised for him ; that the work should begin within a reasonable time and be diligently prosecuted without unreasonable delay ; that the effort to raise the three hundred thousand dollars failed, and Lord declined to accept the donations, and declined and refused to continue the work of making the road, and pub- licly abandoned the same, and formed railroad connections between the Indianapolis and Cincinnati Railroad and the Lafayette and Indianapolis Railroad, and Lord and the appellee treated the enterprise for which the donations were made as abandoned and the contract for the donation as wholly rescinded; that no work was done in the construction of the road for an unreasonable time, that is to say, for the two years, during which time the appellee, treating the enter- prise as abandoned, varied his business arrangements and sold a great portion of his property on the line of the road and changed his relations to the road ; that the road is not

completed from Indianapolis to Crawfordsville; the assignment of the writing was made after Lord had abandoned the same and the construction of the road, and without the knowledge or consent of the appellee, and that the appellee had no knowledge that the appellant, or any one else, had claimed to have any right or interest in the subscriptions, until immediately before the commencement of the suit and after the completion of the road.

Although the paragraph is in some particulars different from the first, still we think, in its main features, it is the same, and what has been said about that will apply to this.

There may be unnecessary averments in both of the paragraphs. Such averments in a pleading do not necessarily make it bad. It is alleged in both, however, that Lord refused and declined to accept the proposed donation, abandoned and gave up the construction of the road, and treated the proposition as rescinded, and that the appellee had no knowledge that the appellants were relying upon the proposed donation, or that Lord had ever assigned it at all. They were strangers to him. They took an assignment of the writing after Lord had actually declined to accept it, and after he and the appellee had considered and treated it as not binding. We think that the facts alleged constitute a bar to the action.

The court overruled demurrers to replications alleging that the appellee was estopped from making the defence, by reason of standing by and permitting the appellants to expend their money in the construction of the road, etc., with a knowledge that they relied upon the donation, but found for him on the issues of fact in the cause. As before stated, the court made a general finding for the appellee. The fact that such finding was preceded by a special finding and conclusions of law does not change the effect of the general finding in this case.

The judgment is affirmed, with costs.