No. 226.

## WALTER v. UHL, ADMINISTRATOR.

PRACTICE.—*Instructions to Jury.*—*Evidence not in Record.*—*Presumption.*— Where the evidence is not in the record, the judgment will not be reversed for any instruction which is abstractly correct; and such instruction will be deemed applicable to the case.

BILL OF EXCEPTIONS.—*Evidence.*—*Incorporation of Long-Hand Manuscript by Amendment.*—*Nunc pro Tunc Entry.*—Where the long-hand manuscript of the reporter's notes is not incorporated in the bill of exceptions when signed by the judge, it does not become part of the bill, and it can not, after appeal, be made so by amendment *nunc pro tunc.*

NEW TRIAL.—*Newly-Discovered Evidence.*—Where the evidence is not in the record, and the Appellate Court is unable to ascertain whether alleged newly-discovered evidence would likely produce a different result, or is merely cumulative, an order denying a motion for a new trial on that ground will be affirmed.

From the Steuben Circuit Court.

*F. S. Roby,* for appellant.

*H. L. Hutson, J. A. Woodhull* and *W. M. Brown,* for appellee.

REINHARD, J.—This action was in the nature of a claim filed by the appellant against the estate of appellee's decedent.

There was no answer filed. There was a trial by jury and a verdict for the defendant (appellee). Over appellant's motion for a new trial, judgment was rendered on the verdict against appellant for costs.

The only error assigned here is the overruling of the motion for a new trial.

Quite a number of reasons were assigned in the motion for a new trial, but only three of these are argued in appellant's brief.

The third reason assigned for a new trial is that the court erred in giving the jury, at the request of the defendant, instructions from one to four, inclusive.

It is not contended by the appellant's counsel that these instructions are wrong as abstract propositions of law, but that when considered in the light of the evidence they are erroneous.

It is insisted by the appellee, however, that the evidence is not properly in the record, and that, therefore, this court can not enter upon an examination of the instructions complained of with a view of determining their correctness as applied to the evidence.

When the evidence is not in the record, the judgment will not be reversed for an instruction which is abstractly correct ; and such instruction will be deemed applicable to the case. *Powers* v. *State*, 87 Ind. 144; *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423 ; *Elkhart, etc., Ass'n* v. *Houghton*, 103 Ind. 286.

The question that confronts us, therefore, at the outset, is whether a proper bill of exceptions containing the evidence is in the record.

It is shown by the return to the writ of *certiorari*, issued by the Supreme Court on motion of the appellee, that on the 24th day of February, 1890, the appellant filed in the court below his bill of exceptions. There is nothing in this bill of exceptions, outside of the long-hand report of the evidence, which shows the appointment of a stenographer,

Walter *v.* Uhl, Administrator.

but it does show that this bill contains the instructions of the court to the jury, the motion for a new trial, and the ruling thereon, and that thirty days' time was given the appellant to prepare and file his bill of exceptions. All that is contained in the bill referring to the evidence is the following:

" Be it remembered, that, on the twenty-seventh juridical day of the September term, 1889, of the Steuben Circuit Court, present the Hon. Stephen A. Powers, judge of said court, William C. Moss, sheriff, and Wm. E. Kinsey, clerk, the above-entitled cause came on for trial, and the following evidence was introduced on behalf of the parties as indicated, and the following instructions given to the jury.

" [The clerk will here insert in the transcript the reporter's minutes of the evidence and instructions.]

"And this was all the evidence given in said cause. * * * And now the plaintiff tenders this, his bill of exceptions, and prays that the same be signed, sealed and made a part of the record, which is done this 24th day of February, 1890.

(Sig.) " STEPHEN A. POWERS,
" Judge of the Steuben Circuit Court."

The record further shows that subsequent to the return to this writ of *certiorari* another was issued from the Supreme Court, on appellant's motion, the return to which was made by the clerk and filed April 6th, 1891. By this it is shown that on the 14th day of February, 1891, in the court below, the following proceedings were had in this cause. We copy from the record :

" Comes now the said plaintiff, by his attorney, Frank S. Roby, and presents and files his motion, supported by the affidavits of Frank S. Roby and William E. Kinsey, to have the record heretofore made in this cause corrected ; said motion and affidavits being in these words : [Here insert.]

"And on February 17th, 1891, being the fourteenth judicial day of the term of said court, and the same honorable judge aforesaid presiding, the following further proceedings were had in this case :

" Comes the plaintiff, by his said attorney, and presents his proof of service of notice upon the defendant herein, to appear and show reason why a certain record should not be corrected in this cause ; said proof being in these words : " (Here insert.)

"And on the 23d day of February, 1891, being the nineteenth judicial day of the term of said court, and the same honorable judge presiding, the following further proceedings were had in this cause :

" Comes the plaintiff, by his said attorney, and presents his amended motion to have a certain record corrected in this behalf, said motion being in these words :

" ' In the Steuben Circuit Court, February term, 1891.

" ' Sidney Walter *v.* William W. Uhl.

" ' The plaintiff, for his amended motion to correct the record, moves the court that the record of this case can be corrected, *nunc pro tunc*, as of February 24th, 1890, to show the signing and filing of the long-hand report of the evidence and bill of exceptions prepared by the official reporter of this court. And that the bill of exceptions heretofore filed on the 24th day of February, 1890, be amended by the insertion of the reporter's said transcript of the evidence, at the place in said bill where the following direction is contained : " The clerk will here insert in the transcript the reporter's minutes of the evidence and the instructions," and that such amendment and correction be *nunc pro tunc* of February 24th, 1890.                FRANK S. ROBY,

" 'Attorney for Plaintiff.'

"And said administrator appears to said motion by Joseph A. Woodhull and Harmon L. Hutson, his attorneys.

"And on the 27th day of February, 1891, being the twenty-third judicial day of the term of said court, and the same honorable judge presiding, the following proceedings were had in said cause :

" Come the parties herein by counsel as before, and plaintiff presents the official reporter's long-hand report of the

Walter *v.* Uhl, Administrator.

evidence in this cause; and it appearing that the same was presented to the judge of this court and was by him signed on the 24th day of February, 1890, and on that day filed with the clerk of this court; and it appearing that the same was theretofore presented to the defendant's attorneys for examination; and the court now being fully advised in the premises sustains plaintiff's motion to amend his bill of exceptions, which was signed, filed and made a part of the record on the 24th day of February, 1890, in this cause, which amendment is now made as of February 24th, 1890, by inserting said long-hand report of said evidence bodily into said bill of exceptions. To all of which the defendant, the said William W. Uhl, administrator, now at the time objects and excepts. And now said defendant presents and files his bill of exceptions, which is signed, filed and made a part of the record, said bill of exceptions being in these words: 'Then follows what purports to be a bill of exceptions of the proceedings had in the trial court upon the hearing and determination of the motion.' "

The appellee assigns as cross-errors here the ruling of the court in allowing said amendment to be made.

It is clearly shown by the evidence upon which the court ordered the amendment made that the original bill of exceptions was filed in the exact form shown in the return to the first writ of *certiorari.* In other words, the long-hand manuscript, when the bill was signed by the judge, had not been bodily incorporated in it. The court made an order, *nunc pro tunc,* allowing the record to be so amended as if this had been done in the first instance. If by this entry the court simply recorded one of its acts which had been previously done but not recorded, it did no more than it had a right to do and what, under the circumstances, was its duty to do. But if it ordered an act to be done and recorded, which had not been done before, it exceeded its authority and committed an error.

The office of an entry *nunc pro tunc* is to make the record

speak the truth with regard to acts already performed, but not recorded.  Courts have the power, always, to make their own records conform to what was actually done.  But it is not the office of an entry *nunc pro tunc* to so amend a record as to let it show an act to have been done which was, in fact, not done, although it should have been done.  We think that when the court permitted the bill of exceptions to be amended, as it did, there was engrafted upon the bill a material feature which it did not before contain, and an act was recorded which had, in fact, not been performed.

Although it may be true that the long-hand manuscript of the reporter's notes was filed with the transcript, and was signed by the judge, yet, unless it was bodily incorporated in the bill of exceptions, it never was a part of the bill, and can not, after appeal, be made so by amendment in an order *nunc pro tunc.*

We do not wish to be understood as deciding that amendments may not be made in proper cases to bills of exceptions to correspond to the facts.  *Longworth* v. *Higham,* 89 Ind. 352; *Hannah* v. *Dorrell,* 73 Ind. 465; *Morgan* v. *Hayes,* 91 Ind. 132.  But what we do hold is that such amendments can not be made to the extent of supplying omissions, and making the record show the performance of acts which never took place.

We can not, therefore, look to this paper as containing the evidence.  We must go back to the bill of exceptions certified in obedience to the first writ.  Taking this, then, as the true bill of exceptions, is the evidence in the record ?  We think the question is fully determined in the case of *Wagoner* v. *Wilson,* 108 Ind. 210.

In that case the phraseology of the bill of exceptions regarding its contents of the evidence was almost identical with that in the bill before us, and in place of the long-hand report required by the statute to be incorporated, there was only the statement " here insert," etc., as in the case at bar. After an exhaustive statement of the requirements of the

Walter *v.* Uhl, Administrator.

statute in this regard, and the manner in which such long-hand report might become a part of the bill of exceptions, the court held the bill in that case insufficient, and the evidence not in the record. The questions are so strikingly similar in both cases that, upon the authority of the case cited, we are forced to the conclusion that the appellant has failed to properly bring before us, according to legal requirement, the evidence given in the trial of the cause, and without which we can not pass upon the correctness of the instructions objected to.

It follows that these instructions must be held to properly apply to the evidence given, and therefore proper.

The ninth reason assigned for a new trial relates to the exclusion of evidence. As the evidence is not in the record we can determine nothing in regard to the correctness of this ruling.

The eighth reason assigned in the motion for a new trial is that since the trial the appellant had discovered new and material evidence in his favor, which he could not with reasonable diligence have discovered sooner. Affidavits are filed with the motion and in support thereof.

As the evidence is not in the record, we are not able to decide whether the newly-discovered evidence would likely change the result, or whether it is, or is not, merely cumulative, as we can not judicially know what facts were proved with reference to the subjects about which the newly-discovered witnesses propose to testify.

As there are no other questions discussed by the appellant in his brief, we need not look further for errors. It is the duty of the appellant to show affirmatively by the record that error has been committed. All the presumptions are in favor of the correctness of the rulings of the trial court, and these will prevail unless overcome by such affirmative showing.

The appellant has failed to bring to our notice in any recognized legal way the proof of the errors upon which he

relies, and it is therefore our plain duty to affirm the judgment.

Judgment affirmed.

Filed Oct. 16, 1891; petition for a rehearing overruled Dec. 12, 1891.