Cole Carriage Co. *v.* Hornbeck—45 Ind. App. 61.

---

## COLE CARRIAGE COMPANY *v.* HORNBECK ET AL.

[No. 6,523. Filed October 13, 1909. Rehearing denied December 16, 1909.]

1. APPEAL.—*Special Findings.—Conclusions of Law.—How Made Part of Record.*—Special findings and conclusions of law which were not signed by the judge, and which are not shown by an order-book entry to have been filed, constitute no part of the record. p. 62.
2. APPEAL.—*Special Findings.—Signing Nunc pro Tunc.*—An order of the trial judge, made upon a motion setting out the alleged special findings and praying for a signing thereof *nunc pro tunc* by the judge, that "the judge does now sign said special findings," without setting out such special findings, does not properly identify such special findings. p. 63.

3. APPEAL.—*Special Findings.*—*Making Part of Record.*—*Trial.*—
Special findings may be made a part of the record by the judge's
signature thereto, by a bill of exceptions, or by an order of the
court.  p. 64.

4. APPEAL.—*Dismissal.*—*No Question Presented.*—Where no ques-
tion is presented by an appeal, it will be dismissed.  p. 64.

From White Circuit Court; *James P. Wason,* Judge.

Action by the Cole Carriage Company against James P.
Hornbeck and others. From a judgment for defendants,
plaintiff appeals. *Appeal dismissed.*

*Pickens, Cox & Kahn,* for appellant.
*Palmer & Carr,* and *Wesley Taylor,* for appellees.

HADLEY, C. J.—The only errors assigned in this cause
are wholly dependent upon a special finding of facts and a
conclusion of law. Appellees contend that no ques-
1. tion is thereby presented, since there is no duly au-
thenticated finding of facts in the record. The origi-
nal record filed in this cause shows that on November 26,
1906, the defendants (appellees) requested the court to find
the facts specially and state the conclusions of law thereon.
Afterwards, on March 14, 1907, the record, after showing
the presence of the parties, states: "The court now pro-
ceeds to find the facts specially and states his conclusion of
law thereon, which are in the words and figures following, to
wit." Then follows a record which has the appearance of a
special finding of facts and a conclusion of law, at the end
of which it states: "The plaintiff now excepts to the above
conclusion of law herein, and the same is indorsed on the
conclusion of law so filed by the court." There is no sig-
nature of the judge attached to this purported finding of
facts; neither is there any statement that the same was ever
filed. The record last quoted might be held to convey the
inference that the conclusion of law was filed; but, from its
appearance in the record, it might easily have been separate
and apart from the finding of facts. There is no entry of
record showing that the finding was ever ordered to be filed

by the court, or that it was ever filed, and it is not brought into the record by a bill of exceptions.

After the transcript was filed in this court, appellant applied for a writ of *certiorari* from this court, which was granted, and the return of the clerk thereto shows

2.  that appellant filed a motion in the lower court in said cause after the expiration of the term at which judgment was rendered, whereby it was sought to have the omission of the signature of the judge supplied, by having the judge sign the same *nunc pro tunc*. Over the objections of appellees, the court sustained the motion and made this entry thereon: "And the court, having heard the evidence and argument of counsel, and being duly advised in the premises, now sustains said motion of the plaintiff, and does now contemporaneously herewith sign said special finding of facts *nunc pro tunc*. And the clerk of this court is directed to make reference to this record on the record in said cause and the special finding of facts therein, and in making and certifying to any transcript on appeal in said cause to the Appellate Court or Supreme Court in this State, said clerk, if directed and ordered, to include in said transcript or amended transcript this record and the record of the proceedings on said motion, including all papers and pleadings filed at this term in said cause, all of which papers, pleadings and entries are made a part of the record in said entitled cause, to all of which the defendants severally and separately except."

It will be observed that while the record states that "the judge does now sign said special findings," the findings that he signed are not set out, or in any way designated or identified for this court. It is true that the motion for *nunc pro tunc* set out certain findings and a conclusion of law, but the court does not find that the findings thus set out were the findings made by the court on the trial; nor does the record show that the findings thus exhibited were the ones signed by the court. In other words, the record, as it appears be-

fore us, does not exhibit special findings that have the verification and identification of the court in any manner. The determination of this cause being rested upon the findings, such findings should be presented to this court in such a way as to import absolute verity to authorize us to determine any question upon it.

There are three ways by which a finding may be identified and verified so as to be considered by this court: By the signature of the judge, by bringing it into the record by a bill of exceptions, or by an order of court directing that it be filed and made a part of the record of the cause. *Coffinberry* v. *McClellan* (1905), 164 Ind. 131; *Winstandley* v. *Breyfogle* (1897), 148 Ind. 618; *Peoria, etc., Ins. Co.* v. *Walser* (1864), 22 Ind. 73; *Service* v. *Gambrel* (1887), 110 Ind. 349; *Branch* v. *Faust* (1888), 115 Ind. 464; *McCray* v. *Humes* (1888), 116 Ind. 103; *Ferris* v. *Udell* (1894), 139 Ind. 579.

There being no special findings in the record authenticated by any of said modes, no question is presented for the consideration of this court. The appeal is therefore dismissed.