## BOTTORFF v. BOTTORFF.

[No. 6,954. Filed April 26, 1910.]

1. JUDGMENT.— *Res Judicata.*—*Parties.*—A judgment is not binding upon a person who was neither a party nor privy to such judgment. p. 692.

2. APPEAL.—*Making Instructions Part of Record.*—*Statutes.*—Under §561 Burns 1908, Acts 1907, p. 652, §1, instructions given by the judge on his own motion and not signed by him, are not a part of the record on appeal. p. 692.

3. TRIAL.—*Instructions.*—*Failure to Sign.*—*Correction by Nunc Pro Tunc Entry.*—The function of a *nunc pro tunc* entry is to make a record of something that was done, and the failure of a judge to sign instructions cannot be remedied by a *nunc pro tunc* entry. p. 693.

4. EVIDENCE.—*Letters.*—*Relevancy.*—Letters that are not relevant to the issues in a case are not admissible in evidence. p. 693.

5. WITNESSES.— *Impeachment.*— *Collateral Matters.*— A witness may not be contradicted, as to collateral matters, by evidence of contradictory statements contained in letters. p. 693.

From Scott Circuit Court; *Joseph H. Shea,* Judge.

Action by James G. Bottorff against Thomas E. Bottorff. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Laurent A. Douglass,* for appellant.

*J. K. Marsh,* for appellee.

ROBY, J.—Replevin for horse, buggy and harness by appellee, who had a verdict and judgment. The complaint states a cause of action. §1330 Burns 1908, §1266 R. S. 1881.

A demurrer was sustained to appellant's second paragraph of answer, which attempted to set up former adjudication. The facts pleaded do not show that appellee was a party or privy to the judgment relied upon, and the ruling was therefore correct.

The instructions are not in the record. An attempt was made to incorporate them under the provisions of the act of 1907 (Acts 1907, p. 652, §1, §561 Burns 1908).

This act requires that instructions given by the judge of his own motion shall be signed by him, which was not done. *Wiseman* v. *Gouldsberry* (1910), *ante*, 677; *Vandalia Coal Co.* v. *Yemm* (1910), — Ind. —. An attempt was made to remedy the omission by a *nunc pro tunc*

3.  entry, but the finding shows that the judge through inadvertence did not sign the instructions. The function of a *nunc pro tunc* entry is to make a record of something that was done and not recorded. It cannot be used to make the record show action which was not in fact taken. *Walters* v. *Uhl* (1891), 3 Ind. App. 219.

Complaint is made of the admission in evidence of two letters written by appellee to appellant. The con-

4.  tents of such letters are not relevant to the issue. It is claimed that they were admissible as bearing upon the credibility of appellee's testimony. It is not com-

5.  petent to contradict a witness as to collateral matter. *Firemans Fund Ins. Co.* v. *Dunn* (1899), 22 Ind. App. 382.

The evidence sustains the verdict. The lawsuit is between two brothers, and involves property of small value. The appeal should not have been taken.

The judgment is affirmed.