MASSACHUSETTS BONDING AND INSURANCE COMPANY
v. INDIANA STATE BANK ET AL.

[No. 10,533.   Filed November 15, 1921.]

1. TRIAL.—Special Findings.—Signing Nunc Pro Tunc.—The office of an entry nunc pro tunc is to make the record speak the truth with regard to acts already performed, but not recorded, and such an entry cannot be used for the purpose of so amending a record as to let it show an act to have been done which was, in fact, not done, though it should have been; and a judge who fails to sign a special finding of facts cannot sign such finding nunc pro tunc.   p. 612.

2. APPEAL.—Review.—Special Findings.—When Regarded as a General Finding.—A special finding which has not been signed by the judge, or made a part of the record by an order of court, or by a bill of exceptions, can only be regarded on appeal as a general finding.   p. 613.

3. APPEAL.—Record.—Special Findings.—Authentication.—Sufficiency.—Judge Signing Order Book.—The act of the trial judge in signing his name in the order book at the close of the special findings, where they were set out in full together with other proceedings of the day, is not a signing of the special findings sufficient to entitle them to consideration on appeal.   p. 613.

4. APPEAL.—Presenting Questions for Review.—Correctness of Conclusions of Law.—Special Findings.—Purpose.—The special finding of facts, properly authenticated, brings the facts into the record, and no bill of exceptions bringing the evidence into the

Massachusetts, etc., Ins. Co. *v.* Indiana State Bank—76 Ind. App. 608.

record is necessary to present the correctness of the conclusions of law based thereon. p. 614.

5. APPEAL.—*Record.*—*Signature of Judge on Order Book.*—*Presumptions.*—*Statutes.*—When the judge signs his name on the order book at the close of the day's proceedings, it will be presumed that he did so pursuant to §1450 Burns 1914, Acts 1885 p. 124, requiring the judge to sign the day's proceedings after they have been read in open court, and not for the purpose of identifying any or all of the papers that may have been spread at length upon the order book. p. 615.

6. APPEAL.—*Questions Reviewable.*—*Exceptions to Conclusions of Law.*—*Failure to Incorporate Special Finding in Record.*— Where the special finding of facts was not properly authenticated by the signature of the trial judge, and is, therefore, not entitled to consideration on appeal, no question is presented for consideration by the assignment that the court erred in its conclusions of law. p. 615.

From Marion Superior Court (98,933) ; *Theophilus J. Moll,* Judge.

Action between the Massachusetts Bonding and Insurance Company and the Indiana State Bank and another. From the judgment rendered, the former appeals. *Affirmed.*

*Bailey & Young,* for appellant.

*Frank E. Gavin, James L. Gavin* and *William E. Gavin,* for appellees.

McMAHAN, J.—The errors, upon which appellant relies for reversal, depend wholly upon a special finding of facts and conclusions of law.

Appellees contend that no question is presented by the assignment of errors for the reason that no duly authenticated special finding of facts is in the record. The original record filed in this cause shows that the parties at the proper time requested the court to make a special finding of facts and to state its conclusions of law thereon. The cause was submitted to the court for

VOL. 76—39

trial, and after all the evidence was introduced, the cause was taken under advisement. Under date of January 19, 1918, there is a record of what purports to be and which has the appearance of a special finding of facts, but no signature of the judge is attached to this purported finding of facts. There is no statement in the record that it was ever filed or ordered to be filed or that it was brought in by a bill of exceptions. February 2, 1918, appellant filed its motion to modify the special finding of facts. April 16, 1918, the court entered an order reading as follows: "Come the parties and the court being sufficiently advised sustains the motion of plaintiff to modify special findings heretofore made herein as to plaintiff and proposed findings Nos. 1, 16, 14, 58, 59, to which ruling the defendants at the time except: and the court overrules said motion as to all other proposed findings, to which ruling plaintiff at the time excepts. And now the court modifies the special findings theretofore made by amending the same as follows." Then follows a record setting out what appears to be findings Nos. 9, 13, 15a, 15b and 17a. No signature of the judge is attached thereto, and there is no record showing that they were filed or ordered to be filed or brought into the record by a bill of exceptions.

The next order appears under the date of September 17, 1918, and reads as follows: "Come again the parties by counsel and the court being advised now here render its conclusions of law upon the special findings of fact heretofore made herein as follows." Then follows what purports to be two conclusions of law, followed by the statement: "To each of which conclusions of law each of the parties at the time excepts."

After the transcript was filed in this court, appellant applied for a writ of certiorari which was granted. The return of the clerk to this writ sets out the record

in relation to the special finding of facts, heretofore referred to, as being entered on record January 19, 1918, and that immediately following said finding on the record are the words, "And now this cause is taken under advisement by the court as to its conclusions of law herein.    Theophilus J. Moll, Judge."    Under date of April 16, 1918, the order modifying the special finding and the purported additional and supplemental findings Nos. 9, 13, 15a, 15b and 17a are set out and are followed in typewriting by the words, "Theophilus J. Moll, Judge."    The clerk by his certificate certifies that the original special finding of facts and the original amended and supplemental finding of facts were both on file in his office, that neither of them were signed by the trial judge, that the signature of the judge appears on the order book at the close of the special finding of facts in the trial judge's handwriting and that the signature of the judge also appears on the order book at the end of the record of the amended and supplemental special finding as above stated.    He also certifies that there is no closing clause after the record of the special finding of facts, under date of January 19, 1918, and that the judge signed the record at the close of the special finding of the facts without any such closing clause, that there is no closing clause after the record of the amended supplemental finding under date of April 16, 1918, and that the trial judge signed the record following the amended supplemental finding without any closing clause.

After the condition of the record and failure of the judge to sign the special and supplemental finding and the conclusions of law were called to the attention of the court by appellees, appellant filed its petition in the trial court asking that the judge of that court be required to sign said finding of facts and conclusions of law *nunc pro tunc*.    Appellees appeared to this petition

and filed a motion to dismiss the petition. This motion was overruled and such further proceedings had as resulted in the court making an order that the original special finding of facts, the supplemental finding of facts, and the conclusions of law should be signed by the judge, and he so signed them. Appellees have appealed from the action of the court in ordering said finding of facts and conclusions of law signed and have brought the proceedings in relation thereto into the record on appeal by a *certiorari.*

Appellant's petition for the order *nunc pro tunc* and the evidence introduced in support thereof show that the trial judge had prior to that time signed neither the special finding of facts, the amended and supplemental special finding of facts, nor the conclusions of law. Appellant on the oral argument of this cause frankly conceded that the action of the trial court in making the order for the signing of said findings and conclusions *nunc pro . tunc* was unauthorized and could not be upheld.

As said by this court in *Walter* v. *Uhl, Admr.* (1891), 3 Ind. App. 219, 28 N. E. 733, "The office of an entry *nunc pro tunc* is to make the record speak the truth with regard to acts already performed, but not recorded. Courts have the power, always, to make their own records conform to what was actually done. But it is not the office of an entry *nunc pro tunc* to so amend a record as to let it show an act to have been done which was, in fact, not done, although it should have been done." See also, *Lengelsen* v. *McGregor* (1903), 162 Ind. 258, 67 N. E. 524, 70 N. E. 248; *Kirby* v. *Bowland* (1879), 69 Ind. 290; *Cole Carriage Co.* v. *Hornbeck* (1909), 45 Ind. App. 61, 89 N. E. 379; *Bottorff* v. *Bottorff* (1910), 45 Ind. App. 692, 91 N. E. 617.

Appellees' motion to dismiss appellant's application for the *nunc pro tunc* order should have been sustained.

*Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 509, 87 N. E. 1057.

It is the settled law in this state that a special finding which has not been signed by the judge, or made a part of the record by a bill of exceptions, or filed and

2. made a part of the record by order of the court, can only be regarded as a general finding. *Smith* v. *State* (1895), 140 Ind. 343, 39 N. E. 1060; *Martin* v. *Marks* (1900), 154 Ind. 549, 57 N. E. 249; *Service* v. *Gambrel* (1887), 110 Ind. 349, 11 N. E. 240; *Lillard* v. *Mather* (1902), 28 Ind. App. 583, 63 N. E. 479; *Chapin* v. *Du Shane* (1903), 32 Ind. App. 1, 69 N. E. 174.

As evidence of its genuineness on appeal a special finding of facts should be signed by the judge or incorporated in a bill of exceptions signed by him or filed and spread on record by order of court. This practice is too well established to be overthrown now. *Shane* v. *Lowry* (1874), 48 Ind. 205; *Conner* v. *Town of Marion* (1887), 112 Ind. 517, 14 N. E. 488; *Ferris* v. *Udell* (1894), 139 Ind. 579, 38 N. E. 180; *McCray* v. *Humes* (1888), 116 Ind. 103, 18 N. E. 500.

Appellant, however, contends that the special finding of facts and the modification thereof are sufficiently authenticated by the act of the judge in signing

3. his name on the record as heretofore stated. In *Smith* v. *Davidson* (1873), 45 Ind. 396, the special finding of facts was entered upon the order book among other proceedings of the day and at the end of the orders for the day the record was signed by the judge. The finding was not otherwise signed by him, was not incorporated in a bill of exceptions or made a part of the record by an order of the court. The appellant, there as here, insisted that inasmuch as the finding was written in full upon the order book as the finding of the court before the orders were signed, signing the orders was equivalent to signing the special

finding as such.   The court held otherwise and refused
to reconsider and overrule, *Peoria, etc., Co.* v. *Walser*
(1864), 22 Ind. 73, and other cases following it, holding
that a special finding was not a part of the record be-
cause it was not signed by the judge or ordered made a
part of the record.   The reason given by the court why
the special finding must be signed was that it was re-
quired to be in writing, so that an exception could be
taken and that it must be filed with the clerk, so that he
can enter it on the record.

It will be observed that the record now before us,
in so far as the amended and supplemental finding of
facts is concerned, is identical with the record in *Smith*
v. *Davidson, supra,* in that, after such finding had
been spread on the record and preceding the signature
of the judge, there is an order of the court to the effect
that the question as to the conclusions of law was taken
under advisement.   The signature of the judge does
not appear on the record immediately following the rec-
ord of the special finding.

While the transcript shows that the special finding
in this case was spread at length upon the order book,
there is no entry showing that it was in fact ever filed
or ordered to be filed and made a part of the record.

The object of a special finding of facts is to bring
into the record the facts therein stated.   When the
facts proven are correctly stated all that remains
is for the trial court to correctly apply the law
by stating its conclusions of law as drawn from
the facts found and render judgment in accordance with
the conclusions of law as stated.   No bill of exceptions
bringing the evidence into the record is necessary in
such case in order to present the correctness of such
conclusions of law based upon the facts found.   So
when a litigant on appeal desires to present the cor-
rectness of the legal conclusions of the trial court as

applied to the facts found, he does so by excepting to each conclusion of law as stated by the trial court and making the proper assignment of errors on appeal.

In applying the law to the facts, the special finding takes the place of a bill of exceptions containing the evidence. It imports absolute verity, but in order to do so it must measure up to all the requirements of a special finding. It must be authenticated by the signature of the trial judge in manner recognized by law. A special finding when properly authenticated becomes one of the papers in the case, that is, a part of the record. On appeal it needs no further identification than the certificate of the clerk.

When the judge signs his name on the order book at the close of the day's proceedings, it will be presumed he does so pursuant to §1450 Burns 1914, Acts 1885 p. 124, which requires the judge to sign the day's proceedings after they have been read in open court, and not for the purpose of identifying any or all of the papers that may have been spread at length upon the order book.

The special finding of facts set out in the instant case not having been properly authenticated amounts to no more than a general finding. It follows that the assignment that the court erred in its conclusions of law does not present any question for our determination.

The order of the court correcting the record is reversed at appellant's costs, with directions to sustain appellees' motion to dismiss appellant's petition. The judgment of the trial court from which appellant appeals is affirmed.