May Term,
1853.
————
HOTCHKISS
v.
JONES.

HOTCHKISS and Others *v.* JONES.

In replevin, only compensatory damages can be given.

In replevin, where no damages are alleged, the amount of the recovery cannot exceed the alleged value of the property.

It appeared by the briefs of the counsel in a cause that judgment had been rendered for more than was due, in order to give the Supreme Court jurisdiction and extract an opinion on certain points supposed to be at issue in the case; and the character of the proceedings, as shown by the record, indicated that such was the fact. The Supreme Court affirmed the judgment, without investigating the grounds on which it was rendered.

*Monday,*
*June 6.*

ERROR to the *Tippecanoe* Circuit Court.

ROACHE, J.—*Jones*, the plaintiff below, commenced an action of replevin before a justice of the peace for the unlawful taking of two hogs, of the value, as alleged in the affidavit, of 8 dollars.

The case was appealed to the Circuit Court. There the cause was submitted to the Court for trial. The finding and judgment of the Court are in the following words:

"And the Court, after hearing the evidence and being fully advised in the premises, do find for the plaintiff, and assess his damages at twenty-one dollars. It is therefore considered by the Court now here, that the said plaintiff do have and recover of and from said defendants the said sum of twenty-one dollars in damages, and also the costs and charges in this behalf paid, laid out and expended."

In the affidavit filed before the magistrate, which is the only cause of action, the whole value of the property alleged to have been taken is only 8 dollars, and no damages whatever are claimed. The transcript of the justice shows that the property had been·delivered to the plaintiff on his giving the requisite bond. In addition to his property, the Circuit Court has given him a judgment of 21 dollars in damages.

There could have been but one purpose in the parties, in procuring the rendition of such an extraordinary judgment—one entirely unwarranted by the cause of action, and inconsistent with the nature of the action. The affi-

davit claims the property to have been of the value of only 8 dollars, and no damages are alleged. It is an action in which only compensatory damages are to be given. Under no circumstances could there have been a judgment for more than 8 dollars, the alleged value of the hogs. But the transcript shows that the hogs had been delivered to the plaintiff below.

It is asserted by the defendant's counsel, in their brief, that the judgment was thus rendered by an agreement of the parties, in order to give jurisdiction to this Court and extract an opinion upon certain questions supposed by them to be at issue in the case. The counsel for the plaintiffs in error, in replying to that portion of the defendant's brief, do not deny that such was the fact; but insist that we must look to the record to determine our jurisdiction. The character of the proceedings, as shown by the record, leaves no doubt on our minds that such was the fact. This is just as objectionable as if the suit had been fictitious in its origin.

We do not, therefore, look into the questions sought to be raised in the case, but affirm the case without investigating the grounds on which it was rendered. See *Brewington* v. *Lowe*, 1 Ind. R. 21.

*Per Curiam.*—The judgment is affirmed with costs.

*G. S. Orth* and *E. H. Brackett*, for the plaintiffs.

*R. C. Gregory*, for the defendant.