Hilligoss *v.* The Pittsburgh, Cincinnati, and St. Louis Railroad Company.

---

HILLIGOSS *v.* THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILROAD COMPANY.

PRACTICE.—*Motion in Arrest.*—A motion in arrest of judgment must be made before judgment is rendered.

APPEAL from the Madison Circuit Court.

BUSKIRK, J.—The appellant sued the appellee before a

justice of the peace, to recover the value of a cow alleged to have been killed by the locomotive and cars of the appellee, at a point where the railroad might have been, but was not, securely fenced. The appellant recovered judgment before the justice, from which judgment the appellee appealed to the circuit court. In the circuit court the appellee demurred to the complaint for the want of sufficient facts. The demurrer was overruled, and the appellee excepted. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the plaintiff. The appellee moved the court for a new trial, which motion was overruled, and judgment was rendered on the finding, to which the appellee excepted.

The appellee then moved the court in arrest of judgment for the following reasons: first, that the complaint does not contain an averment that the property therein described was the property of the plaintiff; second, that the judgment was for fifty-five dollars, when the damages claimed in the complaint were only forty-five dollars.

The court sustained the motion and arrested the judgment, to which ruling the appellant excepted, and reserved the question by a bill of exceptions. There are no cross errors assigned by the appellee; consequently, no question arises upon the overruling of the demurrer to the complaint or the motion for a new trial.

The only error assigned by the appellant is based upon the action of the court in arresting the judgment. It is insisted by the appellant that the motion in arrest of judgment was made too late, and, therefore, does not present for our decision the question of whether it was properly sustained.

The facts, as disclosed by the record, are these: The cause was submitted to the court for trial, on the 25th day of October, 1871, that being the twenty-first judicial day of said term, and on that day the court announced a finding in favor of the plaintiff, and rendered judgment on the finding.

On the 27th day of October, 1871, that being the twenty-third judicial day of said term, the defendant moved the court for a new trial, which motion was on said day over-ruled; and on the same day the defendant moved the court in arrest of judgment. It is quite manifest that the motion in arrest was made two days after judgment had been rendered. Can this be done? After full and mature consideration, and a careful and thorough examination of text books and ad-judged cases, we held that a motion in arrest of judgment must be made before, and could not be made after, judgment had been rendered. See *Train* v. *Gridley*, 36 Ind. 241.

We adhere to the ruling in that case, believing it to be right on principle and fully supported by authority.

The motion in arrest, having been made after the rendition of judgment, came too late, and we cannot determine whether there was sufficient cause for arresting the judgment.

The judgment is reversed, with costs; and the cause is remanded to the court below, with directions to the court to set aside the order arresting the judgment.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*R. Lake*, for appellee.