## THE STATE, EX REL. COFER, PROSECUTING ATTORNEY, *v.* KINGAN ET AL.

INFORMATION.—*Corporation.*—*Railroad.*—An information in the nature of a *quo warranto,* under section 749 of the code, will not lie against a number of persons incorporated as a railroad company, on the grounds that they do not intend to construct the whole of their road according to its description in the articles of association, and that they intend to make use of their organization for the purpose of condemning and appropriating private property over which to construct their railroad.

SAME.—An information under said section against a number of persons who claim to be, but are not legally, an incorporated company, must state that they have acted within this State as a corporation.

From the Marion Civil Circuit Court.

*T. J. Cofer,* Prosecuting Attorney, *McDonald & Butler* and *Taylor, Rand & Taylor,* for appellant.

*B. Harrison* and *C. C. Hines,* for appellees.

DOWNEY, J.—This was an information, in the nature of a *quo warranto*, by the appellant against the appellees. The information was in two paragraphs, in substance as follows:

Par. 1. That said defendants are the owners and employes of a pork house in the city of Indianapolis; that there is in said city a corporation called the Union Railroad Company, owning a depot and tracks running east and west, connecting with the tracks of twelve different railroads; that said Union tracks, and some of the tracks of the other roads, run within one thousand feet of said pork house; that the owners and employes of said pork house desired to build and use a switch to said Union tracks, but did not own the land over which said switch must be built, the length of which would be about one thousand feet; that defendants, for the sole purpose of obtaining the right of way and building and maintaining said switch, on the —— day of August, 1873, undertook to associate themselves together as a corporation and incorporate a railroad company, called the Kingan Railroad Company, under the act of the legislature, etc., and for the fraudulent purpose of carrying out their said object, to secure a switch from said pork house to said Union tracks, said defendants caused a line for a railroad track to be surveyed from said Union Railroad tracks to their said pork house, and thence across White river to the west line of Center township, in all about the distance of six thousand feet; that if such road was built, it would be of no public utility; that defendants never intend to build said road across White river, or to the west line of Center township, but only had such survey made for the purpose of evading the laws of Indiana, and for the purpose, by means of said pretended corporation, of condemning and procuring the right of way for their said switch, etc. Plaintiff further states that said defendants are using said pretended franchise of said pretended corporation, called the Kingan Railroad Company, for the purpose of procuring and condemning the right of way from their said pork house to said Union tracks, and for no other purpose.

The State, *ex rel.* Cofer, Prosecuting Attorney, *v.* Kingan *et al.*

Par. 2. That the defendants claim to be the corporators of, and to have incorporated, a railroad company, called the Kingan Railroad Company. The said defendants claim to have incorporated said Kingan Railroad Company into an incorporation under the laws of the State of Indiana. Plaintiff, on the relation aforesaid, says there is no such corporation as the Kingan Railroad Company; but said defendants are attempting to exercise, and are now exercising, the rights of corporators under said pretended Kingan Railroad Company; wherefore, etc.

A demurrer to each paragraph of the information, for the reason that it did not state facts sufficient to constitute a cause of action, was filed by the defendants, sustained by the court, and judgment rendered for the defendants.

The sustaining of the demurrer is the error assigned.

The portions of the code relating to informations, which bear upon the case, are the following:

"An information may be filed against any person or corporation in the following cases: * * * Third. Where any association or number of persons shall act within this State as a corporation, without being legally incorporated." 2 G. & H. 322, sec. 749.

"The information shall consist of a plain statement of the facts which constitute the grounds of the proceeding addressed to the court." Sec. 751, 2 G. & H. 322.

We feel quite clear that the first paragraph does not state any sufficient ground for the proceeding under this statute. This paragraph does not allege, either specifically or generally, that the defendants are not incorporated, but its *gravamen* seems to be, that the defendants do not intend to construct the whole of their road according to its description in the articles of association, and that they intend to make use of their organization for the purpose of condemning and appropriating private property over which to construct their railroad.

It seems to us that an information cannot be sustained on either of these grounds. If the road of the company shall

not be constructed, as contemplated, within the time which the law allows for its completion, the proper remedy may then be applied.

Should the company attempt to condemn and appropriate to its use private property, without being authorized and empowered to do so, the person whose property it seeks to appropriate can undoubtedly interpose successfully and prevent such appropriation.

Counsel for the appellant furnish us no authority in support of this paragraph, and, as now advised, we deem it insufficient.

The second paragraph is· clearly defective, if on no other ground, because it fails to show that the defendants have acted as a corporation within this State.  The portion of section 749 which we have quoted gives the writ only when the defendants "shall act within this State as a corporation."

The judgment is affirmed.

Petition for a rehearing overruled.