(Decided 12th November, 1886.)

---

DANIEL KELLER *vs.* GEORGE O. STEVENS.

*Motion in Arrest of Judgment.*

A motion in arrest of judgment after final judgment has been en-tered, is too late.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*William H. Cowan,* for the appellant.

*William F. Wharton,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellee instituted proceedings in the Circuit Court for Baltimore County, to enforce a mechanics' lien.    It appears from the record that a lien claim for $334.70 with interest, was filed on the 27th day of March, 1884, and on the same day the writ was issued.    The sheriff's return was, "Not found; no tenant in possession; copy set up at the front door of house on the premises described in the within writ."  The sheriff's return was regularly filed. There is in the record an affidavit of the sheriff's deputy that he went to the premises described in the writ and, finding no tenant in possession, posted the copy as returned on a door fronting the land, it being the most conspicuous place he could find.

The record also shows that on the 28th day of March, 1884, notice of *sci. fa.* on lien was published in two weekly newspapers in Baltimore County, for the period of three weeks, prior to the 3rd Monday of May, 1884.

On May 19, 1884, there was an entry of *fiat nisi;* and on September 8th, 1884, judgment *fiat executio.*    On the 22nd of September, 1884, the appellant filed a petition, invoking an exercise of the discretionary power of the Court and asking it to strike out the judgments.    This motion was set down for hearing and on the 5th day of December, 1885, the petition was dismissed, but at the same time the judgment *fiat executio* was stricken out.    On the 17th day of April, 1886, judgment was extended in favor of plaintiff for $389.92, with interest from date, and costs, and on the same day judgment *fiat executio* was entered on motion of plaintiff's attorney.    On the 20th of April, 1886, after final judgment had thus been entered, the appellant filed a motion in arrest of judgment.    The motion was overruled and from this determination of the Court below an appeal has been taken.

There can be no doubt that, if a motion in arrest had been made subsequently to the judgment by default and antecedently to the entry of final judgment, the motion

would have been strictly in conformity with regular procedure; and, as it has been decided in *Charlotte Hall School vs. Greenwell,* 4 *G. & J.,* 416, and in *Sasscer vs. Walker,* 5 *G. & J.,* 110, that the Act of 1825, ch. 117, does not apply to a motion in arrest of judgment, the whole record could have been brought under review in this Court. This Court would then have been constrained to examine the entire proceedings; for although at common law a judgment by default cured nothing, yet by the Statute of 4 Ann, ch. 16, sec. 2, the *Statutes of Jeofails* were extended to judgments by default, and defects cured on verdict by those Statutes are also cured on judgments by default. *Bingham on Judgments,* 77 ; *Evans' Practice,* 421. A careful examination of the record would have disclosed the regularity of the proceedings and have shown that there was a claim filed, notice given, writ issued and all the requirements of the Statute complied with. Even if there were any such imperfections and omissions as are alleged by appellant, such imperfections or omissions would have been cured by a verdict. Md. Code, Art. 75, sec. 9. By the operation of the Statutes of Jeofails the same curative effect results from the entry of a judgment by default.

But this motion in arrest was filed after the rendition of a final judgment. It therefore comes too late. What judicial action is invoked by the interposition of a motion in arrest? The party presenting the motion asks the Court not to enter final judgment because of some supposed defect in the proceedings which he undertakes to make apparent. But the judgment having been already entered, if he wishes to have it removed from the record, he must endeavor to accomplish that result by a motion to strike out.

But the record shows that this appeal is from the decision of the Court below overruling a motion in arrest of judgment filed after a final judgment had been entered

in the cause.   There was no error committed by the Circuit Court in the disposition which it made of the motion, and its ruling should be affirmed.

*Ruling affirmed.*

(Decided 12th November, 1886.)