Smith *et al. v.* The State, *ex rel.* Hamill, Prosecuting Attorney.

Filed March 7, 1894.

------♦------

No. 17,116.

SMITH ET AL. *v.* STATE, EX REL. HAMILL, PROSECUTING ATTORNEY.

ACTION.—*Where Brought.—Information.—Real Property.*—A proceeding on an information in the nature of a *quo warranto*, filed by the prosecuting attorney, is not affected by section 308, R. S. 1894, relating to actions affecting real property.

PLEADING.—*Complaint.—Information.—Quo Warranto.—Corporation.*—
In an action by information in the nature of a *quo warranto*, against persons acting within this State as a corporation without being legally incorporated, the complaint sufficiently shows them to be acting as such within the State, which avers "that the defendants, without having been incorporated, are, and have been, since the 6th day of December, 1892, usurping the franchise of being a corporation under and by the name of the Brazil Electric Street Railway Company, and by that name of pleading, and being impleaded, answered and being answered in the Clay Circuit Court of Indiana, contracting and being contracted with, and of attempting to acquire, hold, and use certain streets in the city of Brazil, Clay county, Indiana, for the purpose of constructing, maintaining and operating a street railway therein and thereover."

Smith *et al. v.* The State, *ex rel.* Hamill, Prosecuting Attorney.

PRACTICE.—*Pleadings and Papers Stricken Out.—How Made Part of Record.*—Pleadings and other papers stricken out can only become or be made a part of the record by bill of exceptions.

SAME.—*Motion for Judgment.—General Finding.*—A general finding, or what amounts to the same, can not form the basis for a motion for judgment in favor of either party.

SAME.—*Motion in Arrest of Judgment.— When Unavailing.*—A motion in arrest of judgment is unavailing unless made before the rendition of the judgment.

BILL OF EXCEPTIONS.—*Time of Filing.— When Presents no Question.— Record.*—Where time is given in which to file a bill of exceptions, and it is not filed within such time, it does not become a part of the record, and presents no question on appeal.

SUPREME COURT PRACTICE.—*Argument.—Brief.*—It is no argument to make a naked assertion that counsel think the ruling in question was wrong.

SAME.—*When Special Finding Will be Regarded as a General One.— When No Question as to Conclusions of Law is Presented.*—Where neither the special finding of facts nor the conclusions of law were signed by the trial judge, and were not embodied in a bill of exceptions, nor made a part of the record by order of the court, it can only be regarded as a general finding, and no question can be presented to the appellate tribunal on a conclusion of law stated.

From the Vigo Circuit Court.

*W. Mack* and *R. G. Smith,* for appellants.

*G. A. Knight* and *M. C. Hamill,* for appellee.

McCABE, C. J.—The appellee, on the relation of the prosecuting attorney, commenced this proceeding by filing an information in the nature of a *quo warranto* under the third subdivision of section 1145, 1 Burns R. S. 1894 (R. S. 1881, section 1131), charging the appellants with acting as a corporation under the name of the Brazil Electric Street Railway Company, without being legally incorporated.

Upon the issues formed, there was a trial by the court, resulting in what the appellants call a special finding of the facts, upon which conclusions of law are stated. There was a judgment of ouster enjoining them from so acting in the future.

Smith *et al. v.* The State, *ex rel.* Hamill, Prosecuting Attorney.

The errors assigned here call in question the jurisdiction of the court over the subject of the action, the court's action in overruling a demurrer to each of the two paragraphs of the information, in striking out appellants' answer in abatement, in permitting appellee to withdraw its motion for judgment on the state of the pleadings, in its conclusions of law, in overruling appellants' motion for judgment in their behalf upon the findings, in overruling the appellants' motion for a new trial, in overruling appellants' motion in arrest of judgment, and in overruling appellants' objection to the judgment.

At the threshold of the case we are met with a motion by appellants, supported by the affidavit of one of them, setting forth a great variety and circumlocution of facts, arguments and persuasions, some of which impute bad faith to the prosecuting attorney in instituting the suit, and many of which might have had more or less bearing on the trial of the cause in the court below, but none of them had any bearing on the jurisdiction of the trial court; and on account of fraud practiced in persons not parties to this suit, and on account of all these matters, this court is asked to reverse the judgment of the trial court on the alleged ground that these facts show that the trial court had no jurisdiction. Fraud in the conduct of the prosecuting attorney and his assistant in the institution and prosecution of the suit, it is claimed, affected the jurisdiction of the trial court. It may not be improper to observe that the charges of bad faith and fraud in the institution and prosecution of the suit are overwhelmingly contradicted by numerous counter-affidavits filed here. It is not claimed by appellants that the controversy is not a real one, and is a mere fiction. It has been held that where the suit in the trial court was a mere fiction and not a real controversy, but was instituted for the mere purpose of getting the opinion of the

court on a point of law, that this court will, when it so appears by the admission of the parties, dismiss the appeal. *Smith* v. *Junction Railway Co.,* 29 Ind. 546; *Brewington* v. *Lowe,* 1 Ind. 21; *Hotchkiss* v. *Jones,* 4 Ind. 260.

Counsel have cited no authority justifying a reversal of a judgment in this court on *ex parte* affidavits regardless and independent of the assignment of errors, and we know of no such authority. On the contrary, it has been recently held by this court that on an appeal to a court for the correction of errors of law, nothing can be considered on such appeal for the purpose of reversal, but those matters of error presented by the assignment of errors, and only in matters of law exclusively. *Voorhees* v. *Indianapolis Car and Mfg. Co.,* 140 Ind. 220.

The first specification of error is urged on the ground that the Vigo Circuit Court had no jurisdiction of the subject-matter of the action, that being one of the grounds of the demurrer to the complaint.

It is contended that the action as to venue and jurisdiction is governed by section 308, 1 Burns R. S. 1894 (R. S. 1881, section 307); and it is further contended that it appears that the usurping corporation had a freehold interest in the streets of Brazil, and that being in Clay county the Vigo Circuit Court had no jurisdiction of the subject-matter under the section of the statute cited. That section, it is true, provides that actions to recover possession, for partition, and for the foreclosure of a mortgage of real property must be commenced in the county where the subject of the action or some part thereof is situate. But this was not an action for either of those purposes, but, as before observed, it was a proceeding on an information filed by the prosecuting attorney in the nature of a *quo warranto.* It did not involve any of the subjects specified in the section quoted.

No question of jurisdiction was presented by that specification in the demurrer.

The objection urged against the sufficiency of the facts stated in the information is that it does not charge sufficiently that the appellants were acting as a corporation, and further that it does not charge that they were acting as such within this State. The statute provides that: "An information may be filed against any person or corporation in the following cases:   *   *   *   *   *   *

"*Third*. Where any association or number of persons shall act, within this State, as a corporation, without being legally incorporated."

The first paragraph of the information states "that the *   * defendants, without having been incorporated, are, and have been since the 6th day of December, 1892, usurping the franchise of being a corporation under and by the name of the Brazil Electric Street Railway Company, and by that name of pleading and being impleaded, answering and being answered in the Clay Circuit Court of Indiana, contracting and being contracted with, and of attempting to acquire, hold and use certain streets in the city of Brazil, Clay county, Indiana, for the purpose of constructing, maintaining and operating a street railway therein and thereover."

We think this was a sufficient statement that the appellants were acting as a corporation without being incorporated, and that they so acted within the State of Indiana. See *Mud Creek, etc., Co.* v. *State, ex rel.*, 43 Ind. 236; *State, ex rel.*, v. *Kingan*, 51 Ind. 142; *Board, etc.*, v. *Hall*, 70 Ind. 469; 2 Waterman Corp., section 385, p. 752.

The second paragraph stated the same causes for ousting the would-be corporation that were stated in the first paragraph, and added thereto other supposed causes.

This made the paragraph sufficient to withstand the

demurrer for want of sufficient facts, whether the additional causes were sufficient or not.

The next specification of error urged is, the action of the trial court in striking out appellants' answer in abatement. Pleadings and other papers that are stricken out can only become, or be made, a part of the record by bill of exceptions. *Carrothers* v. *Carrothers*, 107 Ind. 530; *Stott* v. *Smith*, 70 Ind. 298; *Berlin* v. *Oglesbee*, 65 Ind. 308; *Hill* v. *Jamieson*, 16 Ind. 125; *Ammerman* v. *Crosby*, 26 Ind. 451; *Schmidt* v. *Colley*, 29 Ind. 120; *Scott* v. *Board, etc.*, 101 Ind. 42.

When the motion to strike out the answer in abatement was sustained, the court gave the appellants twenty days in which to file their bill of exceptions to the ruling. That was on the 29th day of June, 1893. The bill of exceptions making the motion, ruling thereon and answer stricken out, a part of the record was not filed until September 19, 1893, which was too late, and the same is therefore no part of the record, and hence no question is presented as to such ruling. See authorities cited last above, and *Alcorn* v. *Morgan*, 77 Ind. 184; *Guirl* v. *Gillett*, 124 Ind. 501; *Hyland* v. *Brazil, etc., Co.*, 128 Ind. 335.

The 4th specification of error on the ruling in permitting the appellee to withdraw its motion for judgment on the state of the pleadings, if it otherwise had any merit in it, has been waived by failing to discuss it in appellants' brief. The only attempt at discussing the question thus raised is the following language in the brief of appellants' learned counsel, to wit: "We think the cause was submitted and could not be withdrawn peremptorily."

This is not a compliance with the rule requiring a **brief** or the error, or errors assigned will be deemed

waived.    Elliott App. Proced., sections 444, 445, and decisions of this court there cited.

In the latter section it is said:    "It is not enough to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong, or the point will not be considered as having been made.    Counsel can not make a point in an appellate tribunal by a naked general assertion, for such an assertion will not be heeded.    Even if counsel do not succeed in convincing the higher court that the trial court erred, they will, nevertheless, gain something which would otherwise be lost, by an effort to do so, inasmuch as they will secure notice of the point stated, unless, indeed, it is wholly without merit.    But, in order to secure so much as notice of the point stated, they must support it by a fair effort, adducing arguments, and, if they can, citing authorities."

It is no argument to make the naked assertion that counsel think the ruling in question was wrong.

The next specification of error, that the court erred in its conclusions of law, is also unavailing.    Neither the special finding of facts nor the conclusions of law were signed by the judge of the trial court, nor were they embodied in a bill of exceptions, nor made a part of the record by order of the court.    It is the settled law that such a finding can only be regarded as a general finding, and no question can be presented to this court on the conclusions of law stated.    *Service* v. *Gambrel,* 110 Ind. 349; *Cornwell* v. *Clifford,* 45 Ind. 392; *Roberts* v. *Smith,* 34 Ind. 550.

The next specification of error predicated on the ruling, denying appellants' motion for judgment in their favor on the special finding, does not present the question sought to be raised thereby.    We have just seen that there was nothing but a general finding, and a gen-

eral finding, either way, can not form the basis for a motion for judgment in favor of the opposite party. Besides, the motion came too late. The court rendered the judgment on July 8, 1893, and the motion was not made until the 3d day of the adjourned term, which was July 26, 1893.

The next specification of error, based on the ruling denying appellants' motion in arrest of judgment, is also unavailing because the motion was not made until after the judgment had been rendered. Such motions are unavailing unless made before the rendition of the judgment. *Hilligoss* v. *Pittsburgh, etc., R. R. Co.,* 40 Ind. 112; *Brownlee, Admr.,* v. *Hare,* 64 Ind. 311; *Potter* v. *McCormack,* 127 Ind. 439.

The action of the court in overruling appellants' motion for a new trial is the basis of another of the specifications of error. The only attempt at discussing this alleged error is the following language in appellants' brief: "We ask the court to examine the evidence concerning the stock subscription."

This was a waiver of the error, if any there was, in the ruling.

The next, and last, specification of error, based on the action of the trial court in "overruling appellants' objection to the judgment for the reason that appellants' legal status as a corporation *de facto* was affected thereby," is not even mentioned or alluded to in the brief of appellants' learned counsel.

The probable reason for this silence is that the learned counsel came to the conclusion that the statute providing that "the court shall give judgment of ouster against the defendant, * * * and, in cases of corporations, that the same shall be dissolved," (1 Burns R. S. 1894, section 1155, R. S. 1881, section 1141), made it impossible to so frame a judgment in such case without affect-

ing the *de facto* corporate existence of appellants to some extent. At all events, the error, if any, is waived by appellants' failure to discuss it.

Judgment affirmed.

Filed Feb. 20, 1895.