IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

---

JACKSON, APRIL TERM, 1898.

---

BRUCE *v.* BEALL.

(*Jackson.* March 3, 1898.)

1. JURY TRIAL. *Special jury.*

It is not reversible error for the Court to recall his grant of a spècial jury, upon his discovery, by experiment, that it is impracticable to obtain such special jury as was desired. (*Post,* pp. 575, 576.)

Code construed: § 5841 (S.); § 4805 (M. & V.); § 4029 (T. & S.).

2. SAME. *Filling place of excused sick juror. Peremptory challenge.*

A party to a civil case, who has exhausted his peremptory challenges in impaneling the original jury, has no right to challenge peremptorily one selected to take the place of a juror who has been excused and discharged pending the trial on account of sickness. (*Post,* pp. 576–579.)

Code construed: §§ 5824, 5840 (S.); §§ 4788, 4804 (M. & V.); §§ 4012, 4028 (T. & S.).

Cases cited: Garner *v.* State. 5 Yer., 160; State *v.* Curtis, 5 Hum., 601; Blackburn *v.* Hays, 4 Cold., 227; State *v.* Lewis, 3 Head, 127.

3. JUDGMENT.   *Arrest of.*

A judgment will not be arrested for defects in the declaration that are supplied by the averments of the pleas.   It is sufficient, on motion in arrest, if the facts requisite to constitute a cause of action are necessarily inferable from the pleadings taken in their entirety.   (*Post, pp. 579, 580.*)

Cases cited: 50 Mo., 142, 432; 57 Mo., 88; 73 Mo., 57; 63 Vt., 636; 66 Md., 132; 14 Ill., 496; 40 Ind., 112; 3 Mont., 50.

FROM   SHELBY.

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

TURLEY & WRIGHT and WATSON & FITZHUGH for Bruce.

PERCY & WATKINS for Beall.

BEARD, J.   This case was before us at the last term of this Court, and in an opinion reported in 41 S. W. Rep., 446 (99 Tenn., 303), was reversed for an error of law, and was remanded for a new trial.   It is again appealed, and many errors are assigned upon the action of the trial Judge.   While all of these are disposed of in a full memorandum filed with the record, only four will be embraced in this opinion.

Bruce *v.* Beall.

1. At the instance of the plaintiff in error a special venire was ordered by the lower Court to try this case. The ultimate action of the Court in regard to this venire, as well as the Court's reason for endeavoring to secure it, are thus set out in the bill of exceptions, to wit: ''In considering the motion [of plaintiff in error for a special jury] the Court concluded that he might be able to select men who, from their vocations and business, would probably be better acquainted with iron, wire cables, their wear and tear and life. The Court, thereupon, ordered a venire of such men as he knew personally to be acquainted with such matters. Upon being presented to the Court they were each personally examined by the Court, and found to have a good, valid reason to be excused from serving. When the Court had exhausted· this venire, all hope of getting such a jury as the motion originally contemplated was gone, thereupon the Court concluded to try and give a jury half of ' whom had not been on the regular panel, irrespective of any special qualifications to consider this case. The venire was summoned, but their excuses satisfied the Court that it would not be right to compel them to sit on this case, and they were excused. The Court then ordered that the trial proceed, and tendered a jury from the regular · venire, which was excepted to, but the Court ordered the trial to proceed.'' .

It is also stated that the Court considered the regular panel was composed of good men.

The action of the Court in thus depriving the plaintiffs in error of a trial by a special jury, and compelling them to try before the regular panel, is assigned as error. We think there was no error in this action of the trial Judge in requiring the case to proceed before the regular panel, when he discovered the effort to secure men "better acquainted with iron, wire cables, their wear and tear and life," was fruitless. The exercise of his discretion in granting the order for a special venire, did not place it beyond his power to revoke it, upon discovery that the order could not be complied with. There was no vested right in plaintiffs in error that the Court should continue in a profitless undertaking. Having, in the end, furnished twelve competent jurors from the regular panel to try the cause, the plaintiffs in error cannot now be heard to complain.

2. After the trial began, one of the jurors was excused on account of illness, and another juror was called in his place. Upon his examination, no objection being found to him, the plaintiffs in error sought to challenge him peremptorily. This the Court disallowed because the plaintiffs in error, in making up the jury, had already exhausted their two peremptory challenges. It is insisted that this was error. By Sec. 1, Chap. 99, of the Act of 1817, brought into the Code (Shann.), at § 5840, it is provided: "If a trial shall be commenced in any criminal prosecution or civil cause, before any Court

having cognizance of the same, and if, during the progress of the trial, a juror or jurors becomes so unwell that, in the opinion of the Court presiding in the trial, he or they are unable to serve, he or they may, by the Court, be permitted to retire, 'and the Sheriff shall be directed and required to summon instanter a jury or jurors in his or their place or places, who shall, by the direction of the Court, be sworn, and the trial be commenced *de novo.*"

In *Garner* v. *State*, 5 Yer., 160, this statute was considered in regard to a state of facts similar to those on this point arising in this case, and it was ruled that the right of challenge on the part of the prisoner, *ex necessitate rei*, arose upon the presentation of the new juror, although his list of peremptory challenges had been exhausted in making up the jury, as originally found.

Again, in *State* v. *Curtis*, 5 Hum., 601, this Court said : "By the common law, when a juror becomes sick, the whole jury is broken up, and the same eleven that had before been sworn, are put to the prisoner, and may be challenged by him. 1 Chitty Co. Law, 545; 4 Taunt, 309. But by the Act of 1817, a juror is to be summoned instanter in place of the sick juror, and sworn. The eleven remaining as part of the panel elected are not subject again to challenge, nor are they again sworn. 5 Yer., 160. The right of challenge is confined to the juror newly summoned alone."

16 p—37

It will be observed that these two cases, relied upon by plaintiff in error as authority to support the present contention, were both criminal cases, and that the right of the peremptory challenge of the juror presented in the room of the juror withdrawn, is conceded to be one not. provided for in this Act, but one arising by operation of law. At common law, however, the right to a peremptory challenge had no existence in civil cases. Thomp. & Mer. on Juries, Sec. 154. In England no peremptory challenges are even now allowed in civil cases, as a matter of right, though usually it is conceded by the Courts as a matter of courtesy. *Creed* v. *Fisher*, 9 Exch., 472.

So it is, that where the common .law is the basis of jurisprudence, as in this State, such right must rest alone upon statute; and accordingly it was provided for by Sec. 1, Ch. 60, of the Acts of 1805, which carried into the (Sh.) Code, at § 5824, is as follows: "Either party to a civil action tried in the Courts of this State, may challenge two jurors without assigning any cause."

In construing the section of the Act of 1817, hereinbefore set out, it has been held that the withdrawing of a juror, as in the present case, does not break up the panel, but the remaining jurors continue as a part of it, neither subject to challenge, nor to the necessity of being resworn, while the Act of 1805 (§ 5824, Shannon's Code) has been held to mean that each party to a civil. suit, whether com-

prising one or many plaintiffs or defendants, is entitled to but two peremptory challenges. *Blackburn* v. *Hays*, 4 Cold., 227.

Taking these two Acts together, and especially in the absence, in such case, of a common law right to a peremptory challenge, we think the only effect of the withdrawal of a juror during the trial of a civil cause, and seating another in his place, is that when the new juror is sworn the trial will begin *de novo;* in other words, if the party objecting has already exhausted his peremptory challenges in the original panel, the presenting of the new juror will not extend or enlarge his right to such challenge. This view of the operation of these two Acts, in a civil cause, makes it unnecessary for us to consider whether the case of *State* v. *Lewis*, 3 Head, 127, has overruled or in anywise modified the cases of *Garner* v. *State* and *State* v. *Curtis, supra.*

3. Again, it is said the trial Court was in error in overruling the motion of defendant below in arrest of judgment. This motion was rested on the ground that the declaration did not aver that the plaintiff did not know, nor by the exercise of reasonable care could have known, of the defects in the elevator which are alleged to have produced the injuries, nor did it aver that the defendant below had superior knowledge, or means of knowledge, of such defects.

It may be conceded that this was a lack in the declaration, which would have been fatal on motion

in arrest, save for the pleas of the defendant, which put distinctly in issue the knowledge, or want of knowledge, of the plaintiff, as well as that of defendant, and thus fully supplied the defects of the declaration. This is a sufficient answer to this motion.

Where a declaration lying in debt is defective if the defendant answers over (without demurrer or motion), tendering an issue of fact, and a verdict is rendered, a motion in arrest, on the ground that no cause of action is shown, comes too late. *Saulsbury* v. *Alexander*, 50 Mo., 142. For if facts requisite to constitute a cause of action are necessarily inferable from the pleadings taken in their entirety, judgment will not be arrested after verdict. *Corpenny* v. *Sedalia*, 57 Mo., 88; *Edmondson* v. *Phillips*, 73 Mo., 57.

In addition, the great weight of authority is that a motion in arrest is too late, when it comes, as in this case, after the enrollment or entry of the judgment. *State* v. *Kibling*, 63 Vt., 636; *Gilstrop* v. *Felts*, 50 Mo., 432; *Keller* v. *Stevens*, 66 Md., 132; *Perry* v. *People*, 14 Ill., 496; *Hilling* v. *Pittsburg*, 40 Ind., 112; *Territory* v. *Corbitt*, 3 Mont., 50; 2 Ell. Gen. Prac., 996; 2 Enc. Pl. & Prac., 817. While certainly there is sound reason for this rule of practice, yet we are content to rest our approval of the action of the trial Judge in overruling this motion upon the ground that the defendant's pleas fully supplied the defects of the declaration of the plaintiff.

Bruce v. Beall.

4. In conclusion, without undertaking to state the evidence as developed to the jury, we think it sufficient to say we think that both in volume and materiality it sustained the verdict of $12,000 rendered in this case, and the judgment of the trial Court is therefore affirmed.