THE STATE, EX REL. SNYDER, PROSECUTING ATTORNEY, *v.* CITIZENS' GAS AND OIL MINING COMPANY.

[No. 18,540. Filed November 29, 1898.]

CORPORATIONS.—*Quo Warranto.—Forfeiture of Charter.*—An information in the nature of a *quo warranto* against a gas and oil mining company, to seize its franchise and have the same declared forfeited, under the provision of section 1145 Burns' R. S. 1894,

which fails to allege the incorporation of such company under the laws of this State, or that it is engaged in the exercise of any corporate rights, is bad against a demurrer.

From the Randolph Circuit Court.    *Affirmed.*

*William H. Williamson* and *Frank H. Snyder*, for State.

*David T. Taylor*, for appellee.

JORDAN, J.—This action was instituted by the State on the relation of the prosecuting attorney in the nature of a *quo warranto*, against appellee, the Citizens' Gas & Oil Mining Company, to seize its franchises and have the same declared forfeited.    The suit was commenced upon information filed in the Jay Circuit Court, and, upon application, the venue was changed to the Randolph Circuit Court, wherein a demurrer was sustained to the information, and judgment was rendered in favor of the appellee thereon, and the only question raised in this appeal is the sufficiency of the information on demurrer.

The cause, for which the State seeks to destroy the appellee or wrest from it its corporate powers, as disclosed by the information, arises out of the alleged facts that it has entered into an illegal agreement with an incorporated company, denominated the Portland Natural Gas & Oil Company, by which agreement, the rate or price to be charged consumers of gas shall be fixed, and thereby an unlawful restraint placed upon competition in the sale of such products.

The information avers the organization, as a corporation under the laws of this State, of the "Portland Natural Gas & Oil Co." and alleges that it is engaged in furnishing gas to the public, but it wholly omits to allege the incorporation of the appellee under any law of the State of Indiana or that it is engaged in the exercise of any corporate rights. Section

1145, Burns' R. S. 1894 (1131, Horner's R. S. 1897), provides that: "An information may be filed against any person or corporation in the following cases * * *. *Fourth.* Or where any corporations do or omit acts which amount to a surrender or a forfeiture of their rights and privileges as a corporation, or when they exercise powers not conferred by law." Certainly, before the court, under an information filed for the purpose of depriving the appellee of its existence, will inquire whether it has forfeited its rights to exist as a corporation by reason of the alleged abuse of its power, it must be shown by proper averments therein that it has been incorporated under the laws of this State, and a failure of the pleading to disclose this essential fact must necessarily render it fatally defective. The information should have informed the court on this question of fact, as the presumption cannot be indulged that appellee is a corporation, duly organized under the laws of this State, in the absence of such averments. *Danville, etc., Plank Road Co.* v. *State, ex rel.,* 16 Ind. 456; *State, ex rel.,* v. *Kingan,* 51 Ind. 142. Without considering the principal question, which otherwise involves the sufficiency of the information, we are compelled to hold it bad for the reasons stated, and the demurrer was therefore properly sustained, and the judgment is affirmed.