## DEMAREE ET AL. *v.* BRIDGES, ET AL.

[No. 4,447. Filed December 9, 1902.]

RAILROADS.—*Public Aid.*— *Collection of Tax.*—*Collateral Attack.*—The finding of the board of commissioners that the conditions imposed by statute relative to the collection of tax voted in aid of a railroad have been complied with is conclusive against a collateral attack. *pp. 135, 136.*

SAME.—*Public Aid.*—*Collateral Attack.*—The action of the board of commissioners in granting a petition and ordering an election,

under §5340 et seq. Burns 1901, to vote public aid to a railroad involved the decision of the question as to whether the company was of such a character as to entitle it to receive aid, and such question cannot be attacked in a collateral proceeding. *pp. 136, 137.*

RAILROADS.—*Public Aid.—Collection of Tax.—Injunction.*—A suit by taxpayers will not lie to enjoin the collection of a tax voted a railroad, under §5340 et seq. Burns 1901, on the ground that the company had failed to equip its road for the carrying of freight as contemplated by its organization, since such individual interests are protected by §1182, Burns 1901. *pp. 136, 137.*

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Suit by William W. Demaree and others against William A. Bridges and others to enjoin the collection of a tax voted in aid of a railroad. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*R. M. Miller, H. C. Barnett, W. N. Harding, A. R. Hovey, C. S. Wiltsie* and *E. A. McAlpin,* for appellants.

*C. F. Coffin,* for appellees.

ROBY, C. J.—This action was begun by appellants in the Johnson Circuit Court. Omitting formal allegations, the material averments of the complaint are substantially: That plaintiffs are taxpayers of Pleasant township, Johnson county, Indiana, and the defendants are the auditor and treasurer, respectively, of such county. On the — day of ———, 1895, the voters of said township, at a special election called therefor, voted a tax, by way of donation, in the sum of $34,000, to aid in the construction of the Indianapolis, Greenwood & Franklin Railroad, through a part of said township. After the voting of said tax the board of county commissioners levied the same against the property of the taxpayers of said township, and directed the auditor to place the same upon the tax duplicate, and to deliver said duplicate to the treasurer for collection; that such collection was suspended by operation of law until such time as said railroad company should expend in the construction of its said road in said township a sum of

money equal to that so voted; that on April 9, 1902, the said railroad company, by attorney, appeared before said board of commissioners "and showed in due and satisfactory manner to said board that it, the said company, had expended in the construction of its said road in Pleasant township more than the sum or $34,000, and asked an order from said board to the auditor and treasurer of Johnson county, Indiana, requesting said auditor and treasurer to proceed to the collection of said tax at once, as though the collection of the same had never been suspended; that the said board of county commissioners granted the request of the railroad company, and duly entered on their books an order requesting the auditor and treasurer to proceed at once to the collection of said tax." It is stated that the tax duplicate had already been delivered to the treasurer aforesaid, who, in obedience to said order of the board, unless enjoined from so doing, will proceed to the collection of said tax. Plaintiffs represent and state "that the said tax should not be collected, and that the said treasurer should be enjoined from taking any steps in the collection of the same, for the reason that the said Indianapolis, Greenwood & Franklin Railroad Company is a railroad corporation organized and existing under and in accordance with the general railroad statute of the State of Indiana, providing for the organization of railroad corporations,—said statute having been in force from the 6th of May, 1853,—and acts supplemental and amendatory thereto. Said railroad corporation, under the terms and provisions of the statute under which the same is organized, has no right to build, construct, operate, or maintain any species or kind of railroad whatsoever except such as is known and designated as a commercial railroad, which is a railroad properly equipped for the running of passenger-trains, freight-trains, and doing and conducting a general freight and railway passenger business. The plaintiff states that the said railroad company has not constructed a commercial railroad as above described, and as

under the provisions of the law it was under obligations to do, and as the taxpayers in said Pleasant township, in voting said tax, believed it would do, but has in fact constructed what is known as an electric interurban street railway, running from the city of Indianapolis to the city of Franklin, Johnson county, Indiana. Plaintiffs state that the said railroad company is not prepared, and does not intend to prepare and equip its road by the purchase of proper rolling-stock to enable it to carry miscellaneous freight and in fact does not, and has not intended to, carry freight between the cities of Indianapolis and Franklin, and that said tax is wholly illegal and void. Wherefore," etc. To this pleading a demurrer for want of facts was sustained, and, refusing to plead further, judgment was rendered against appellants, from which they appeal, assigning that the court erred in sustaining said demurrer.

A township may, under the provisions of the statute, aid a railroad company in constructing a railroad through such township. §§5340-5343 Burns 1901. Conditions may be annexed to the proposition for such purpose, and, when so annexed, must be complied with before the money can be used for the benefit of the railroad company. §§5340, 5353, 5358 Burns 1901; *Board, etc.,* v. *State, ex rel.,* 115 Ind. 64; *Irwin* v. *Lowe,* 89 Ind. 540; *Brocaw* v. *Board, etc.,* 73 Ind. 543; *Board, etc.,* v. *Montgomery,* 106 Ind. 517-521. It is not alleged that any conditions were annexed to the aid voted by Pleasant township to the railroad company in question. The legislature has annexed certain conditions to all such donations, and provided that the collection of the tax be suspended until the road is permanently located in the township, and the expenditure of money made in its construction therein equals the amount donated. §5369 Burns 1901.

It is further provided in the section last quoted that if such railroad company shall not, within five years after the tax has been placed upon the duplicate, have expended

in the actual construction of said railroad in the township voting such aid an amount of money equal to the amount of money to be donated, the board of commissioners may, at its discretion, make an order annulling and canceling such donation of money, upon the application of twenty-five freeholders. "Provided, further, that whenever it is shown, to the satisfaction of the board of commissioners, that the amount of work done by any railroad company in any county or township taking stock in or donating money to such railroad company is equal to stock taken or donation made, it shall be the duty of the board of commissioners to order said tax to be collected at once as though the same had never been suspended."

The right to receive the donation is not by the statute made dependent upon the completion of the proposed railroad, or upon its being fully equipped to meet all demands which may be made upon it as a common carrier, either in transportation of passengers or freight. A condition of the character indicated might, no doubt, have been affixed to the donation by contract. The averments of the complaint do not show that the statutory requirements, upon the performance of which the railroad company becomes entitled to the money donated, have not been complied with. The board of commissicners found that such conditions were complied with, and their order removing the bar to the collection of the tax is conclusive as against a collateral attack. *State, ex rel.,* v. *Burgett,* 151 Ind. 94; *Irwin* v. *Lowe,* 89 Ind. 540, 553.

Counsel for the appellant argue that the railroad aid law does not apply to street railways, and that notwithstanding its organization under the general railroad act the averments contained in the complaint are sufficient to show that the company is in fact a street railway company, and that in determining the right to receive donations or to exercise eminent domain the courts are not restricted by the form of organization of the corporation, but look beyond the form

to the acts being done by it, in order correctly to determine if the corporation is one entitled to receive aid. The right of the corporation, under the statute, to receive aid, was of necessity involved in the original inquiry made by the board of commissioners when the petition, provided for by §5340, *supra,* was considered. Unless the corporation was such a one as might lawfully receive a public donation, the board had no jurisdiction to order the election. Having found that it did have jurisdiction, its judgment can not be attacked collaterally. *Brocaw* v. *Board, etc.,* 73 Ind. 543; *Faris* v. *Reynolds,* 70 Ind. 359, 366; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Hiatt* v. *Town of Darlington,* 152 Ind. 570; *Board, etc.,* v. *Conner,* 155 Ind. 484. An appeal was taken from the original order made by the board of commissioners. *Demaree* v. *Johnson,* 150 Ind. 419.

Appellant's main contention, waiving for the time the effect of the adjudication by the board of commissioners, is not sustained by the authorities. The following language taken from an opinion of the Supreme Court is in point: "But it is urged that the organization of the Aurora and Cincinnati company is illegal and a sham. Its organization, on its face, conforms to the statute. The validity of such organizations can not be attacked collaterally. * * * It is further insisted that said company does not intend to build a part of its line. In due season it may change its mind; should it fail to do so, it will then be time to look for a remedy. Present intention to omit a future duty is not, in this case, ground for present judicial action." *Aurora, etc., R. Co.* v. *Lawrenceburg,* 56 Ind. 80-87; *Aurora, etc., R. Co.* v. *Miller,* 56 Ind. 88; *State, ex rel.,* v. *Beck,* 81 Ind. 500-505; *State, ex rel.,* v. *Kingan,* 51 Ind. 142.

The courts can not, in actions to which the State is not a party, deny to a corporation organized in compliance with the general railroad law the powers granted to it by law, because of its failure fully to carry out the purposes of its existence. Cooley, Const. Lim. (5th ed.), 311; *National*

Board, etc., *v.* Marion Trust Co.

*Docks R. Co.* v. *Central R. Co.,* 32 N. J. Eq. 755; *Finch* v. *Ullman,* 105 Mo. 255-267, 16 S. W. 863, 24 Am. St. 383; *Kansas, etc., Railway* v. *Northwestern, etc., Co.,* 161 Mo. 288, 61 S. W. 684, 51 L. R. A. 936, 84 Am. St. 717. Forfeiture for misuser or nonuser is provided for by statute, and must be by information. §1145 Burns 1901; *Logan* v. *Vernon, etc., R. Co.,* 90 Ind. 552.

The statute further provides that "Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or situation." §1182 Burns 1901. Individual interest is safeguarded by the following provision: "In case of the refusal by such corporation or its agents so to take and transport any passenger or property, or to deliver the same at the regularly appointed place, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit." §5190 Burns 1901; *Chicago, etc., R Co.* v. *Wolcott,* 141 Ind. 267, 50 Am. St. 320.

It follows from what has been said that no question as to the right or power of an electric street railway corporation to receive public aid is presented in this case, and that the demurrer to the complaint was properly sustained. Judgment affirmed.